NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4133-15T1

ANDREW K. BONNER, JR.,

 Plaintiff-Appellant,

v.

CUMBERLAND REGIONAL HIGH
SCHOOL DISTRICT,

 Defendant-Respondent.
_________________________________

 Argued May 24, 2017 – Decided June 27, 2017

 Before Judges Accurso and Manahan.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Docket No.
 L-860-14.

 Andrew K. Bonner, Jr., appellant, argued the
 cause pro se.

 Stefani C. Schwartz argued the cause for
 respondent (Schwartz Simon Edelstein & Celso
 LLC, attorneys; Ms. Schwartz, of counsel and
 on the brief, Saiju George, on the brief).

PER CURIAM

 Plaintiff Andrew K. Bonner, Jr. appeals the grant of summary

judgment in favor of defendant Cumberland Regional School District
Board of Education.1 We affirm for the reasons set forth in the

comprehensive fourteen-page written opinion of Judge Darrell M.

Fineman. We add only the following.

 This matter arises out of alleged incidents of bullying and

harassment perpetrated against plaintiff while he was a student

at Cumberland Regional High School (CRHS) from September 2010

through June 2013. In 2009, CRHS adopted a "Harassment,

Intimidation, and Bullying" policy (HIB) providing for the

procedure for filing a complaint, the investigation process, and

the punishment for violations of the HIB.2

 The HIB defines "harassment, intimidation, or bullying" as

 any gesture, any written, verbal or physical
 act, or any electronic communication, as
 defined in N.J.S.A. 18A:37-14, whether it be
 a single incident or a series of incidents
 that:

 1. Is reasonably perceived as being
 motivated by either any actual or
 perceived characteristic, such as race,
 color, religion, ancestry, national
 origin, gender, sexual orientation,
 gender identity and expression, or a
 mental, physical or sensory disability,
 or by any other distinguishing
 characteristic;

 2. Takes place on school property, at any
 school-sponsored function, on a school

1
 Defendant was improperly pled as Cumberland Regional High
School District.
2
 The policy was revised in 2011, and again in 2014.

 2 A-4133-15T1
 bus, or off school grounds, as provided
 for in N.J.S.A. 18A:37-15.3;

 3. Substantially disrupts or interferes
 with the orderly operation of the school
 or the rights of other students; and that

 a. A reasonable person should know,
 under the circumstances, that the
 act(s) will have the effect of
 physically or emotionally harming a
 student or damaging the student's
 property, or placing a student in
 reasonable fear of physical or
 emotional harm to his/her person or
 damage to his/her property; or

 b. Has the effect of insulting or
 demeaning any student or group of
 students; or

 c. Creates a hostile environment for
 the student by interfering with a
 student's education or by severely
 or pervasively causing physical or
 emotional harm to the student.

In accordance with the policy, plaintiff and his parents filed a

HIB complaint with CRHS on November 29, 2012. The complaint

alleged plaintiff was the victim of pervasive harassment by

students, teachers, and coaches.

 Thereafter, John Mitchell, principal of CRHS and HIB

coordinator, together with Joseph Spoltore, a bullying specialist,

conducted an investigation into plaintiff's complaint, which

included interviews with all involved parties. On December 3,

2012, both Mitchell and Spoltore concluded plaintiff's claims were

 3 A-4133-15T1
unfounded based on their inability to obtain sufficient

corroborating evidence and the inconsistencies in plaintiff's

recounting of the alleged predicate events. By letter dated

December 10, 2012, plaintiff and his parents were advised of the

HIB investigation results. Plaintiff did not appeal the findings

to the New Jersey Commissioner of Education pursuant to N.J.S.A.

18A:37-15(b)(6)(e).

 On October 24, 2014, plaintiff filed a complaint against

defendant alleging, amongst other claims, negligence, "reckless

endangerment of numerous children," violations of the HIB policy,

the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1

to -42, public transportation laws, medical privacy laws, and/or

"intellectual property theft." Defendant filed an answer and an

amended answer. Prior to the expiration of discovery, defendant

moved for summary judgment, which was denied without prejudice.

After the conclusion of discovery, defendant again moved for

summary judgment. On April 11, 2016, the judge granted summary

judgment in favor of defendant. This appeal followed.

 Plaintiff raises the following arguments on appeal:

 POINT I

 [PLAINTIFF] WAS NOT AFFORDED THE OPPORTUNITY
 TO APPEAL THE HIB FINDING AND [DEFENDANT'S]
 HIB INVESTIGATION PROCESS WAS FLAWED.

 4 A-4133-15T1
 POINT II

 A STUDENT HAS A RIGHT TO ACHIEVE AN EDUCATION
 FREE OF HARASSMENT AND [PLAINTIFF'S] CLAIMS
 AS OUTLINED CONSTITUTE HIB UNDER THE NJLAD.

 POINT III

 DISCLOSURE OF [PLAINTIFF'S] MEDICAL
 INFORMATION WAS IN VIOLATION OF FERPA.

 Our review of a ruling on summary judgment is de novo,

applying the same legal standard as the trial court. Nicholas v.

Mynster, 213 N.J. 463, 477-78 (2013). Summary judgment must be

granted if "the pleadings, depositions, answers to interrogatories

and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact challenged

and that the moving party is entitled to a judgment or order as a

matter of law." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013)

(quoting R. 4:46-2(c)).

 Thus, we consider, as the judge did, whether "the competent

evidential materials presented, when viewed in the light most

favorable to the non-moving party, are sufficient to permit a

rational factfinder to resolve the alleged disputed issue in favor

of the non-moving party." Ibid. (quoting Brill v. Guardian Life

Ins. Co., 142 N.J. 520, 540 (1995)). If there is no genuine issue

of material fact, we must then "decide whether the trial court

correctly interpreted the law." Massachi v. AHL Servs., Inc., 396

 5 A-4133-15T1
N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J.

419 (2008). We accord no deference to the trial judge's

conclusions on issues of law and review issues of law de novo.

Nicholas, supra, 213 N.J. at 478.

 Having considered appellant's arguments in light of the

discovery record, our standard of review and the controlling law,

we find them to be without sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 6 A-4133-15T1